IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00411-PAB-1

UNITED STATES OF AMERICA,

   Plaintiff,

v.

THERON MAXTON,

   Defendant.
_____

**DEFENDANT'S MOTION FOR COMPETENCY EVALUATION**
_____

   The defense hereby moves this Court for an Order authorizing a psychiatric or psychological examination of the defendant by a certified psychiatrist or psychologist for the purpose of determining whether he suffers from a mental disease or defect, and to thereafter set a hearing to determine his competency to proceed, pursuant to 18 U.S.C. § 4241(a),(b) and (c), and 18 U.S.C. § 4247(b) and (c).  In support thereof, the defense states as follows:

   1. On November 6, 2013, a Superseding Indictment was returned charging Mr. Maxton with two counts of threatening a law enforcement officer, in violation of 18 U.S.C. § 115(a)(1)(B) (Counts II and IV), and two counts of threatening the immediate family of a law enforcement officer, in violation of 18 U.S.C. § 115(a)(1)(A) (counts I and III).  Counts I and II stem from a November 9, 2012 letter allegedly mailed by Mr. Maxton.  Counts III and IV stem from a 15, 2012 letter allegedly mailed by Mr. Maxton.

   2. The discovery provided to date details a lengthy history of mental health evaluations and diagnoses.  Some of these evaluations are summarized in discovery,

others are unavailable. On at least two occasions, courts have ordered mental health evaluations to determine whether Mr. Maxton was competent to proceed with criminal proceedings. While Mr. Maxton was ultimately declared competent in each case, the fact that the evaluations were ordered highlights the fact that previous courts have expressed concerns over Mr. Maxton's competency.

3. Undersigned counsel's own interactions with Mr. Maxton support the need for an evaluation. For purposes of this motion, Mr. Maxton has authorized counsel to disclose to the Court that Mr. Maxton has been hearing voices and may be responding to internal stimuli. This fact raises concerns that Mr. Maxton may not be able to understand the nature and consequences of the proceedings against him, may not be able to make intelligent and informed decisions about how to counter those charges, and may not be able to assist properly in his defense.

4. Pursuant to 18 U.S.C. § 4247(b), and for the purposes of conducting this examination, counsel requests that the defendant be committed to the custody of the United States Attorney General for a reasonable period not to exceed 30 days, unless an extension is appropriately sought pursuant to the provisions of the same statute.

5. Pursuant to 18 U.S.C. § 4247(c), counsel further requests the Court to direct the preparation of a written report and that, once completed, copies of the report be delivered *directly* to undersigned counsel, the Assistant United States Attorney, and this Court.

6. Counsel further requests that this Court order counsel to contact chambers to set a date for hearing on Mr. Maxton's competency.

7. Undersigned counsel further requests that the Court vacate all current dates and deadlines, to be reset upon conclusion of the competency evaluation. Until a determination is made regarding Mr. Maxton's competency, counsel cannot effectively communicate with Mr. Maxton and Mr. Maxton cannot assist counsel in preparation of a defense. Thus, maintaining the current deadlines will provide counsel with inadequate time to work with Mr. Maxton in preparing a defense. Because time spent evaluating Mr. Maxton's competency tolls the Speedy Trial clock, vacating current deadlines and dates will not violate the Speedy Trial Act.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender, Interim


s/ Scott T. Varholak
Scott T. Varholak
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott.Varholak@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on 12/10/2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    David Tonini, AUSA
    email: david.tonini@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Theron Maxton     (via Mail)
    Reg. No. 85599-071
    c/o FCI-SHU

                                        s/ Scott T. Varholak
                                        Scott T. Varholak
                                        Assistant Federal Public Defender
                                        633 17th Street, Suite 1000
                                        Denver, CO  80202
                                        Telephone:  (303) 294-7002
                                        FAX:  (303) 294-1192
                                        Scott.Varholak@fd.org
                                        Attorney for Defendant