IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00411-PAB-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

THERON MAXTON,

      Defendant.

_____

## DEFENDANT'S RENEWED MOTION FOR COMPETENCY EVALUATION
_____

      The defense hereby moves this Court for an Order authorizing a psychiatric or psychological examination of the defendant by a certified psychiatrist or psychologist for the purpose of determining whether he suffers from a mental disease or defect, and to thereafter set a hearing to determine his competency to proceed, pursuant to 18 U.S.C. § 4241(a),(b) and (c), and 18 U.S.C. § 4247(b) and (c).  In the alternative, the defense asks for a sixty day continuance to allow the defense to hire an expert to evaluate Mr. Maxton for competency.  In support of this motion, the defense states as follows:

## I.     Procedural History

      On November 6, 2013, a Superseding Indictment was returned charging Mr. Maxton with two counts of threatening a law enforcement officer, in violation of 18 U.S.C. § 115(a)(1)(B) (Counts II and IV), and two counts of threatening the immediate family of a law enforcement officer, in violation of 18 U.S.C. § 115(a)(1)(A) (counts I and III).  Counts I and II stem from a November 9, 2012 letter allegedly mailed by Mr.

Maxton.  Counts III and IV stem from a November 15, 2012 letter allegedly mailed by Mr. Maxton.

On December 10, 2013, the defense filed a Motion for Competency Evaluation. The government did not oppose that motion.  On December 18, 2013, the Court denied that motion, ruling that it lacked reasonable cause to believe that Mr. Maxton was suffering from a mental disease or defect.

## II.    Argument

### A.    Mr. Maxton's mental health

As detailed previously, Mr. Maxton has a long history of mental health issues. The defense is seeking to obtain these records from the Bureau of Prisons, but given the relatively early stages of the case, has not yet been able to obtain these. Nonetheless, the discovery reveals that Mr. Maxton has previous diagnoses (from the mid-1990s) that include Paranoid Personality Disorder.

The letters allegedly written in this case are often disjointed and incoherent. Many of these letters talk about a conspiracy on the part of the government to harm Mr. Maxton in various ways.  Again, this is consistent with the previously diagnosed Paranoid Personality Disorder.

Beginning a long time ago and continuing through to the present, Mr. Maxton has been hearing voices in his head and responding to such voices.  Moreover, counsel's own interactions with Mr. Maxton give counsel reason to believe that Mr. Maxton may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences

of the proceedings against him or to assist properly in his defense.  This representation

is made as an officer of the Court.

**B.      18 U.S.C. § 4241(a) and the low threshold for ordering a competency evaluation**

18 U.S.C. § 4241(a) provides that the court **shall** grant a motion for competency

"if there is reasonable cause to believe that the defendant may presently be suffering

from a mental disease or defect rendering him mentally incompetent to the extent that

he is unable to understand the nature and consequences of the proceedings against

him or to assist properly in his defense."  18 U.S.C. § 4241(a).  This is a different

standard than that which the Court must find before declaring a defendant incompetent

to proceed.  *Compare* 18 U.S.C. § 4241(a) (requiring only reasonable cause to believe

the defendant may be suffering from mental disease or defect rendering him

incompetent) *with* 18 U.S.C. § 4241(d) (requiring by a preponderance of the evidence a

finding that the defendant is suffering from such a mental disease or defect).  As the

Fourth Circuit has held, the standard for ordering an evaluation is a "low threshold"

requiring only reasonable cause to believe that the defendant **may** be suffering from a

mental disease or defect.  *See United States v. Vandyke*, 64 Fed. Appx. 877, 878 (4th

Cir. 2003) (unpublished).

Numerous cases hold that evidence of a defendant hearing voices, coupled with

a past history of mental illness, satisfies the Section 4241(a) burden.  In *United States*

*v. Fuentes*, 38 F.3d 568 (5th Cir. 1994), for example, the district court had been

provided prior to sentencing evidence that the defendant had been hearing voices, had

been previously hospitalized for mental health problems, and had been previously

3

diagnosed with schizophrenia. *Id.* at 13. This information was provided through a Presentence Investigation Report, and an addendum stated that the medical condition was verified by medical records. *Id.* Defense counsel did not raise a competency challenge and no further information was provided regarding what the voices were telling the defendant to do, or whether the defendant had been able to assist counsel during the proceedings. *Id.* Nonetheless, based upon the information provided in the Presentence Investigation Report, the Fifth Circuit held that the district court erred in failing to *sua sponte* order a competency hearing. *Id.*

In *United States v. Reynolds*, 2008 WL 2983281 (D. Me. July 30, 2008) (unpublished), the district court found that the defendant was incompetent to proceed to trial. *Id.* at *3. According to the Court, "[i]t is easy to see that [the defendant's] preoccupation with the voices she hears and the abuse she believes she is suffering at the hands of 'lesbian guards' in the jail interferes with her ability to assist properly in her own defense." *Id.*

In *United States v. Eldridge*, 2008 WL 29249238 (E.D. Mich July 28, 2008) (unpublished), defense counsel raised a motion for competency claiming that the defendant was hearing voices, walking in traffic, and had been under a doctor's care for mental health issues. *Id.* at *1. Based upon that information, the Court granted a mental health evaluation. *Id.*

In *United States v. Avery*, 328 F. Supp. 2d 1269 (M.D. Ala 2004), the Court actually declared the defendant incompetent to proceed on a supervised release

violation. *Id.* at 1273.  In reaching this conclusion, the Court relied, in part, on the fact that the defendant was hearing voices. *Id.*

These cases all demonstrate that a combination of a defendant's hearing voices and past mental health illness diagnoses require a further mental health evaluation.  In fact, undersigned counsel was unable to find a single published case in which a Court denied a motion for competency evaluation after it was revealed that the defendant was hearing voices.[1]

Here, undersigned counsel has revealed to the Court that Mr. Maxton is hearing voices and responding to those voices.  As an officer of the Court, undersigned counsel has represented that his interactions with Mr. Maxton give counsel reason to believe that Mr. Maxton may be suffering from a mental disease or defect rendering him incompetent to proceed.  The defense has further brought to the Court's attention the fact that Mr. Maxton has a lengthy history of mental health issues including, as set forth above, a previous diagnosis of Paranoid Personality Disorder.[2]  Both defense counsel and the government have informed the Court that Mr. Maxton's letters reflect a disjointed and often incoherent thought pattern.  Many of these letters talk about a conspiracy on the part of the government to harm Mr. Maxton in various ways.  This evidence is far more than that produced in the cases cited above, and certainly meets the "low threshold" required for ordering an evaluation.  As the Court in *Reynolds*

---

[1] Undersigned counsel used various search terms.  The broadest Westlaw search term (revealing 51 results) was 4241 & voices & reasonable /s cause.

[2] Again, the defense is attempting to obtain the Bureau of Prisons' medical records but has not yet been able to do so.

5

concluded, "[i]t is easy to see that [the defendant's] preoccupation with the voices she hears and the abuse she believes she is suffering at the hands of 'lesbian guards' in the jail interferes with her ability to assist properly in her own defense." 2008 WL 2983281, at *3.

The cases cited by the Court at the December 18 hearing do not compel a different conclusion. In *United States v. Boigegrain*, 155 F.3d 1181 (10th Cir. 1998), the Tenth Circuit held that counsel was not ineffective for raising competency over the defendant's objection. 155 F.3d at 1187-88. The Court was not addressing whether there was sufficient evidence to order a mental health evaluation. *Id.* at 1189. Rather, the part of the opinion addressing sufficiency of evidence related to the defendant's mental health dealt only with the finding of competency to stand trial. *Id.* at 1189-90. Again, the ultimate determination of competency is not presently before this Court.[3]

If anything, the *Boigegrain* opinion supports the motion for mental health evaluation. The *Boigegrain* Court noted that defense counsel have an ethical obligation to raise competency issues. *Id.* at 1188. The Court reasoned that "[o]f all the actors in a trial, defense counsel has the most intimate association with the defendant." *Id.* Here, as an officer of the Court and the individual with the most familiarity with the defendant, defense counsel has informed the Court that counsel has reason to believe Mr. Maxton may be incompetent to proceed.

---

[3] For this same reason, the second opinion cited by the Court is inapposite; it too went to the finding of competency after an evaluation had been conducted, not to whether such an evaluation should be ordered.

**C.     Ethical concerns and protection of the attorney-client privilege prohibit counsel from giving further disclosures, at least absent filing this Renewed Motion for Competency and, if denied, also seeking a continuance for an evaluation by an expert retained by the defense**

At the hearing, the Court advised the defense that it needed more information about the content of counsel's communications with Mr. Maxton. Revealing these contents, however, raises serious ethical implications and jeopardizes the attorney-client privilege.

First, revealing the content of the attorney-client communications has serious ethical implications. Colorado Rule of Professional Conduct 1.6 governs the disclosure of information acquired through the attorney-client relationship. This Rule states that a lawyer "shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraph (b)." Colo. R. Prof. Conduct 1.6(a). None of the exceptions in Paragraph (b) apply. The issue of informed consent also raises ethical implications when the very issue raised is whether or not Mr. Maxton is competent.

One could argue that implied consent applies because disclosure is needed to carry on the representation of the client. Indeed, Rule 1.14 states that implied disclosure is authorized when a lawyer reasonably believes that a client has a diminished capacity and is at risk of harm (as Mr. Maxton would be if he went to trial while incompetent). But, this implied authorization is allowed "only to the extent reasonably necessary to protect the client's interests." Colo. R. Prof. Conduct 1.14(c).

7

As argued in this Renewed Motion, the details disclosed herein provide sufficient information to allow the Court to Order a mental health evaluation. Thus, counsel believes that, ethically, he must first present this Renewed Motion to the Court, and ask the Court to rule based upon the instant disclosures. If the Court denies this Renewed Motion, then counsel will seek a continuance (detailed below) to have Mr. Maxton evaluated by defense doctors. If the Court denies both the Renewed Motion and the Continuance Motion, then further disclosure may be required and thereby authorized by Rule 1.6. Until all other avenues have been exhausted to protect the privileged communications, however, Rule 1.14 does not give an implied authorization to disclose privileged communication.[4]

Second, beyond the ethical implications, the disclosure of attorney-client privileged conversations jeopardizes the attorney-client relationship at the heart of our legal system. To assist counsel in his defense, a criminal defendant must be able to openly communicate with his attorney without fear that such communications will be published to the prosecutor (who is trying to convict him) and the judge (who may ultimately sentence him). A defense counsel should not be forced to reveal such privileged communications (and thereby harm the attorney-client relationship and possibly the interests of her client) in order to insure that an incompetent person is not tried.

---

[4] Any further disclosures would need to be made *ex parte*. Moreover, because such disclosures would give the Court information about Mr. Maxton and his communications with counsel that the Court would otherwise not be privy to, further disclosure may require the defense to file a motion to recuse after any evaluation is completed.

**D.    If the Court denies the Renewed Motion, then the defense asks for a sixty day continuance so that the defense may retain its own expert to evaluate Mr. Maxton**

If the Court denies the Motion to Reconsider, then the defense without waiving its request for a court-ordered evaluation asks for a sixty day continuance of the motions hearing, trial and all other proceedings and deadlines so that the defense may retain its own expert to evaluate Mr. Maxton.  In *United States v. Soldevila-Lopez*, 17 F.3d 480 (1st Cir. 1994), the district court ordered a psychiatric examination.  *Id.* at 484. The doctor concluded that the defendant was malingering.  *Id.*  Based upon that report, the district court found the defendant competent.  *Id.*  The district court further denied the defense's request for a continuance to hire its own expert to contest the finding of malingering.  *Id.* at 477.  On appeal, the First Circuit concluded that the district court abused its discretion in denying the motion for continuance.  *Id.* at 490.

Here, within two weeks of arraignment, undersigned counsel asked this Court to Order a competency evaluation.  The Court denied that request and the next day counsel filed the instant Renewed Motion.  If the Court denies that too, counsel asks for a continuance so that the defense can hire its own expert to evaluate Mr. Maxton for competency.

Undersigned counsel has conferred with Dr. Susan Bograd, a forensic psychiatrist who counsel has worked with in the past and who has conducted examinations at the request of various judges within this district.  In counsel's experience, Dr. Bograd is efficient and thorough in her evaluations.  Dr. Bograd has informed counsel that given the history of Mr. Maxton and this case, coupled with the

9

fact that Mr. Maxton is in a segregated housing unit where pre-scheduled visitation is required, Dr. Bograd will need sixty days to conduct the evaluation.  Such time would be excluded from the Speedy Trial Act's calculations.  *See* 18 U.S.C. § 3161(h)(1)(A).

### E.   Consultation

Undersigned counsel has conferred with Assistant United States Attorney David Tonini and Mr. Tonini takes no position on this motion.

## III.   Conclusion

The defense respectfully requests that the Court grant this Renewed Motion, and order an evaluation pursuant to 18 U.S.C. § 4241(a).  The defense further requests that the Court vacate all current dates and deadlines, to be reset upon conclusion of the competency evaluation.  In the alternative, the defense asks for a sixty-day continuance of all deadlines and current trial dates so that the defense may hire an expert to evaluate Mr. Maxton's competency.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender, Interim


s/ Scott T. Varholak
Scott T. Varholak
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott.Varholak@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on 12/19/2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Tonini, AUSA
email: david.tonini@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Theron Maxton        (via Mail)
Reg. No. 85599-071
c/o FCI-SHU

s/ Scott T. Varholak
Scott T. Varholak
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott.Varholak@fd.org
Attorney for Defendant