IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 13-cr-00411-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. THERON MAXTON,

    Defendant.
_____

**ORDER**
_____

    This matter is before the Court on Defendant's Renewed Motion for Competency Evaluation [Docket No. 27].

    On December 18, 2013, the Court held a hearing on Defendant's Motion for Competency Evaluation [Docket No. 18].[1]  The Court gave both Mr. Maxton and the United States an opportunity to present whatever information they wanted to present in order to support a finding of "reasonable cause" pursuant to 18 U.S.C. § 4241(a). Neither side presented any evidence, but counsel for both sides made representations to the Court about the defendant.  After both sides made their representations to the Court, the Court ruled that there was no reasonable cause to believe that Mr. Maxton was incompetent.  Defense counsel then attempted to present additional information to

---

[1]This motion and the renewed motion are captioned "Defendant's Motion." However, the beginning of each motion states that the "defense" moves for a court determination of Mr. Maxton's competency.  Although a motion for a competency examination is predicated on the possibility the defendant may be incompetent, counsel for defendant stated during the hearing that his client supported the filing of the motion.

the Court following its ruling.  The Court considered that additional information and reached the same conclusion.

The defendant's renewed motion for competency evaluation is defendant's third attempt to persuade the Court that reasonable cause exists.  It is based on the same information provided to the Court at the December 18 hearing with one additional representation – that defendant "has previous diagnoses (from the mid-1990s) that include Paranoid Personality Disorder."  The Court will evaluate the bases for the defendant's renewed motion, both individually and cumulatively, to determine whether reasonable cause exists.

Defendant's original motion noted that the discovery "details a lengthy history of mental health evaluations and diagnoses."  Docket No. 18 at 1; *see also* Docket No. 27 at 2.  None of these records were provided to the Court, despite the fact that such documents are not privileged, in order for the Court to determine on its own review whether the records contain additional supporting information.  A court cannot find reasonable cause to believe that the defendant may be incompetent on the grounds that the defendant may be mentally ill or was mentally ill in the past.  Mental illness alone does not necessarily equate with incompetence.  Rather, § 4241(a) requires that a court find that defendant "may *presently* be suffering from a mental disease or defect *rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense*."  18 U.S.C. § 4241(a) (emphasis added).  Defense counsel did not explain what defendant's history of mental health evaluations and diagnoses was, with two exceptions.  First, defendant's motion states that on two occasions courts ordered the

defendant to have competency examinations, but that he was found competent in both cases. The Court finds that nothing about such records suggested that defendant is presently "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings." 18 U.S.C. § 4241(a). No court has found him incompetent and the convictions for similar charges noted in Docket No. 14 have apparently not been collaterally attacked on the grounds that he was incompetent. The fact that two courts found defendant competent in the past does not suggest that he is presently incompetent.

Second, the renewed motion states that the defendant "has previous diagnoses (from the mid-1990s) that include Paranoid Personality Disorder." Docket No. 27 at 2. The defendant provided no information about "previous diagnoses" other than Paranoid Personality Disorder. According to the Diagnostic and Statistical Manual of Mental Disorders ("DSM-5"), Paranoid Personality Disorder is characterized by a "pervasive distrust and suspiciousness of others such that their motives are interpreted as malevolent." American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 649 (5th Ed. 2013). If defendant is presently suffering from this disorder and if the distrust and suspiciousness characteristic of the disorder may be affecting the defendant's ability to understand the nature of this case or the ability to assist properly in his defense, reasonable cause would clearly be shown. However, diagnoses from the mid-1990s do not suggest that he is presently suffering from that disorder. The renewed motion states that the letters at issue in this case allegedly written by Mr. Maxton are disjointed and incoherent, which is consistent with Paranoid

Personality Disorder.  Docket No. 27 at 2.  However, the charges in this case are based on conduct that occurred in November 2012.  Even if the letters themselves, without having been interpreted by a mental health expert, are consistent with Paranoid Personality Disorder, the letters do not provide evidence that he may be presently suffering from a mental disease or defect that affects his competency.  The defendant's history of mental health evaluations and diagnoses does not establish reasonable cause to believe he may be incompetent.

The defendant's original motion claimed that the defendant recently "has been hearing voices and may be responding to internal stimuli."  Docket No. 18 at 2.  At the December 18 hearing and in his renewed motion, defense counsel amended that representation to state that defendant is responding to internal stimuli.

While hearing voices and responding to internal stimuli may provide reasonable cause to believe that the defendant is suffering from a mental disease or defect, there is no evidence before the Court that these things have affected his competency.  Had defense counsel indicated that his client could not pay attention to legal discussions or generally did not seem grounded in reality, a reasonable cause determination would in all likelihood have been supported.  However, no suggestion was made that defendant had any of those issues, or any others, that have affected his ability to understand the nature of the proceedings or to assist properly in his defense.

Defendant relies on *United States v. Reynolds*, 2008 WL 2983281 (D. Me. July 30, 2008), *United States v. Eldridge*, 2008 WL 2949238 (E.D. Mich. July 29, 2008), and *United States v. Avery*, 328 F. Supp. 2d 1269 (M.D. Ala. 2004).  *Reynolds* is immediately distinguishable because, in reaching a decision, the court had the benefit

of a comprehensive psychological evaluation. *See* 2008 WL 2983281, at *1. In *Eldridge*, defense counsel, in moving for a competency evaluation, made specific representations that defendant was under a doctor's care for mental health issues and, in the past three months, had been hospitalized after hearing voices and walking in traffic. 2008 WL 2949238, at *1. Similarly, in *Avery*, the court had access to a multitude of information, including a full psychological evaluation and specific information that the defendant could not trust his attorney. 328 F. Supp. 2d at 1273. As noted above, the situation here is different. The Court has not been provided with any information that suggests that the defendant's hearing voices and acting on those voices affects his competency.

When considered singularly and cumulatively, the Court finds that none of the above information satisfied the reasonable cause standard.

Defense counsel states that "counsel's own interactions with Mr. Maxton give counsel reason to believe that Mr. Maxton may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. This representation is made as an officer of the Court." Docket No. 27 at 2-3. Defense counsel have the closest association with their clients and therefore courts pay particular attention to information they provide regarding competency. *McGregor v. Gibson*, 248 F.3d 946, 959-960 (10th Cir. 2001); *see also Walker v. Gibson*, 228 F.3d 1217, 1228 (10th Cir. 2000), *abrogated on other grounds by*, *Neill v. Gibson*, 278 F.3d 1044 (10th Cir. 2001); *Bryson v. Ward*, 187 F.3d 1193,

1201-02 (10th Cir. 1999); *Clayton v. Gibson*, 199 F.3d 1162, 1171 (10th Cir. 1999) (relying in part on representations by trial counsel in competency determination); *Walker v. Attorney Gen. for the State of Okla*. 167 F.3d 1339, 1346 (10th Cir. 1999) (same).  Defense counsel, citing attorney-client privilege and ethical prohibitions, refuses to explain what about his interactions with his client supports his belief that Mr. Maxton may be incompetent.  Given that no other information provided at the hearing or included in the defense's motions establishes reasonable cause, the issue is whether a court may find reasonable cause under 18 U.S.C. § 4241(a) based on an otherwise unsupported representation by defense counsel that he or she has a reasonable belief that the defendant may be incompetent.  Courts that have discussed the importance of information accorded to the observations of defense counsel have not directly addressed this question.  The issue can be resolved by reference to the statute.  Under § 4241(a), the court has the obligation to determine reasonable cause.  It would be inconsistent with the statute for a court to defer that determination to defense counsel by basing its reasonable cause determination solely on a statement of defense counsel that he or she has reasonable cause to believe that the defendant is incompetent.  Providing deference to the observations of defense counsel is a different matter than a court not making any reasonable cause determination other than crediting the unsupported belief of defense counsel.  The Court therefore concludes that counsel's belief, by itself, does not support a finding of reasonable cause.

Defense counsel refuses to disclose any additional facts or observations underlying his concerns that Mr. Maxton is mentally incompetent because he believes that such disclosures would violate ethical rules on confidentiality and the attorney-

client privilege.  Docket No. 27 at 8.  The fact that defense counsel believes he cannot support his request for a competency examination due to ethical and privilege concerns does not suggest that § 4241(a) should be interpreted to provide a lesser reasonable cause standard.  Moreover, as explained below, the procedure that defense counsel suggests that the Court follow is not required by ethical or privilege concerns.

Defense counsel proposes that ethical rules and the attorney-client privilege require that the Court observe the following procedure: Upon the filing of defendant's motion for a competency examination, the Court would conduct a hearing pursuant to 18 U.S.C. § 4241(a).  Docket No. 27 at 8.  If the Court fails to find reasonable cause at the hearing, counsel must file a renewed motion without disclosing any additional information.  *Id.*  If the renewed motion is denied, defense counsel must seek a continuance to have the defendant evaluated by a defense expert.  *Id.*  If the request for a continuance is denied, then, and only then, is defense counsel permitted to make further disclosures.  *Id.*

Defense counsel cites no authority and the Court is aware of no authority requiring that the Court follow such a convoluted procedure under § 4241(a).  Defense counsel admits that the Colorado Rules of Professional Conduct ("CRPC") provide that when a "client's capacity to make adequately considered decisions in connection with a representation is diminished," "the lawyer is impliedly authorized under Rule 1.6(a) to reveal information about the client, but only to the extent reasonably necessary to protect the client's interests."  Colo. R. Prof. Conduct 1.14(a), (c).[2]  As evidenced by

---

[2]The District of Colorado has adopted the CRPC.  *See* D.C.COLO.LAttyR 2(a).  The CRPC govern the disclosure of confidential information.  Rule 1.6 provides, in

7

defense counsel's filing two motions for competency evaluations, defense counsel believes that a competency evaluation is in Mr. Maxton's best interests. Moreover, there is no indication that Mr. Maxton opposes such a motion. Yet defense counsel still insists that he is ethically prohibited from revealing any additional facts or observations.

The Court is required to interpret state ethical rules in a way that is consonant with federal law. *Grievance Comm. for S. Dist. of N.Y. v. Simels*, 48 F.3d 640, 646 (2d Cir. 1995) (interpreting state ethical rule on contact with represented persons as a matter of federal law). Based on its review of the cited ethical rules, the Court sees no reason to interpret the CRPC or § 4241(a) as requiring a complex and attenuated procedure before defense counsel is permitted to disclose basic facts and observations related to a client's competency. There is no textual support for defense counsel's interpretation. And defense counsel's procedures would frustrate the straightforward process set forth in § 4241(a).[3] The Court has conducted many hearings to determine reasonable cause regarding competency and has found that the statutory procedure is

---

relevant part: "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent [or] the disclosure is impliedly authorized in order to carry out the representation . . . ." Colo. R. Prof. Conduct 1.6(a). Comment 8 to Rule 1.14 admits that Rule 1.14 places the attorney in a difficult position, and cautions that "the lawyer should determine whether it is likely that the person or entity consulted with will act adversely to the client's interests" before disclosing confidential information. Colo. R. Prof. Conduct 1.14 Comment 8.

[3]Defense counsel's view of the procedure for determining reasonable cause is curious given that, if the Court granted a competency examination, the examination report would in all likelihood disclose many of the same observations about the defendant's ability to understand the nature of the proceedings and to assist properly in his defense that defense counsel refuses to provide in support of the motion. If it is in the defendant's best interests to have a competency examination and for this information to be revealed as part of the examination, it also appears to be an appropriate disclosure pursuant to Colo. R. Prof. Conduct 1.14(c).

fair, efficient, and does not entail the wholesale waiver of attorney-client privileges. Under Rule 1.14(c), defense counsel is impliedly authorized to reveal basic facts and observations underlying his belief that Mr. Maxton is not competent to stand trial. Defense could therefore have provided such information at the initial hearing without violating any of the ethical rules he cites.

Defense counsel next asserts that any additional disclosure would violate attorney-client privilege. The weight of authority holds that an attorney's observations regarding a client do not implicate attorney-client privilege. *See Darrow v. Gunn*, 594 F.2d 767, 774 (9th Cir. 1979) (holding that attorney's testimony based on observations of defendant's appearance and demeanor did not violate attorney-client privilege); *Malinauskas v. United States*, 505 F.2d 649, 655 (5th Cir. 1974) (holding that attorney properly testified that, based on his observations and discussions with client, there was no indication that his client was incompetent); *People v. Kinder*, 512 N.Y.S.2d 597, 599 (N.Y. App. Div. 1987) ("the privilege protects from disclosure the substance of the communications, not the demeanor and mental capacity of the client during these communications"); *Bishop v. Superior Ct., in and for Pima Cnty.*, 724 P.2d 23, 28-29 (Ariz. 1986) ("an attorney may testify at a competency hearing without violating the attorney-client privilege so long as the testimony does not include the substance of confidential communications"). Thus, the Court rejects defense counsel's argument that attorney-client privilege bars any additional disclosure regarding Mr. Maxton's mental competence.

Defendant has also filed a Motion to Continue Motion to Suppress Hearing [Docket No. 29].  Defendant seeks to reset the suppression hearing scheduled for December 30, 2013 on the grounds that he is in the process of obtaining Mr. Maxton's medical records from the Bureau of Prisons.  In defense counsel's experience, obtaining such records may take 45 days and then he would need time to review the records.  The defendant believes that such records may be relevant to the suppression motion since they may contain information about whether any waiver of the defendant's *Miranda* rights was made knowingly and intelligently.  The Court will grant this request.

Defendant has filed a motion to extend the deadline for noticing an insanity defense.  Docket No. 28.  Among other things, defendant states that, until he has reviewed defendant's medical records from the Bureau of Prisons, he cannot make a good faith determination of whether to file such notice.  Based on this reason, the Court will extend the deadline for sixty days from today's date.

It is

**ORDERED** that  Defendant's Renewed Motion for Competency Evaluation [Docket No. 27] is denied.  It is further

**ORDERED** that defendant's Motion to Continue Motion to Suppress Hearing [Docket No. 29] is granted.  The hearing on motions set for December 30, 2013 at 10:30 a.m., the trial preparation conference set for January 13, 2014, and the jury trial set for January 21, 2014 are vacated.  It is further

**ORDERED** that counsel shall jointly contact Chambers via conference call (303-335-2794) during the week of January 6, 2013 to reschedule the hearing on motions, the trial preparation conference, and the trial date.

DATED December 24, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge