IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-00472-PAB
(Criminal Case No. 13-cr-00411-PAB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    THERON MAXTON,

    Defendant.

---

## ORDER DENYING § 2255 MOTION

---

Movant, Theron Maxton, has filed, *pro se*, a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 341] and an amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 351] (collectively "the § 2255 motion"). The United States responded to the original § 2255 motion. Docket No. 343.

The Court construes Mr. Maxton's filings liberally because he is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the § 2255 motion will be denied.

## I. PROCEDURAL HISTORY

On November 6, 2013, Mr. Maxton was charged with two counts of threatening a United States official and two counts of threatening a member of the immediate family

of a United States official.  Docket No. 4 at 1-3.  On January 22, 2015, a jury found Mr. Maxton guilty on all four counts.  Docket No. 175-1 at 1-2.  He was sentenced to 72 months' imprisonment as to Counts One, Three, and Four, to be served concurrently, and to 28 months' imprisonment as to Count Two, to be served consecutively with Counts One, Three, and Four.  Docket No. 288 at 2.  These sentences were also to be served concurrently with sentences received in two other criminal convictions from the District of South Carolina.  *Id.*

Mr. Maxton appealed his convictions to the Tenth Circuit, arguing that the Court abused its discretion when it denied his motion to substitute counsel [Docket No. 338[1]]. *United States v. Maxton*, 666 F. App'x 755 (10th Cir. 2016) (unpublished).  The Tenth Circuit affirmed Mr. Maxton's convictions.  *See id.*  On February 21, 2017, Mr. Maxton filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 341].  The government filed an answer on March 24, 2017 [Docket No. 343].  On January 7, 2019, Mr. Maxton filed an amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 351].  Because Mr. Maxton incorporates by reference his first § 2255 motion in his second motion, *see* Docket No. 351 at 4, 6, 8, and because the Court construes his filings as a pro se litigant liberally, *see Hall*, 935 F.2d at 1110, the Court will consider the motions together.

## II. ANALYSIS

Mr. Maxton raises several arguments in his § 2255 motion.  First, he argues that

---

[1]This motion was submitted to the Court the first day of trial, January 19, 2015, but was not filed on the CM/ECF system until April 8, 2016.  *See* Docket No. 338.

his trial counsel, Paula Ray, was ineffective for failing to "get [his] witness to come testify at [his] trial or get the tape that would show that FBI Agent Cronan didn't read [him his] Miranda rights." Docket No. 341 at 4.

To establish ineffective assistance of counsel, Mr. Maxton must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id.* Mr. Maxton bears the burden of overcoming this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See id.* "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999). When counsel is accused of a failure to investigate, courts apply "a heavy measure of deference to counsel's judgments." *Wiggins v. Smith*, 539 U.S. 510, 522 (2003). Moreover, "[g]enerally, the decision whether to call a witness rests within the sound discretion of trial counsel." *Jackson v. Shanks*, 143 F.3d 1313, 1320 (10th Cir. 1998).

Under the prejudice prong, Mr. Maxton also must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *see*

3

*also Harrington v. Richter*, 562 U.S. 86, 112 (2011) (stating that "[t]he likelihood of a different result must be substantial, not just conceivable.").

In order for a defendant to make an ineffective assistance claim, he must identify the specific "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. In his § 2255 motion, Mr. Maxton does not identify the witness or the tape that he contends his counsel should have presented at trial. However, it is likely that Mr. Maxton is referring to the video tape referenced in his motion to substitute counsel and to continue the trial that he alleges depicts nine prison guards assaulting him during an interrogation. Docket No. 338 at 1. The witness who Mr. Maxton states his attorney should have called to testify at trial is likely "Lieutenant Freeman," who Mr. Maxton alleges witnessed this interrogation. Docket No. 338 at 2. Mr. Maxton referenced Lieutenant Freeman for the first time on the first day of trial. *Id.* at 1; Docket No. 301 at 22, l. 6; *see also* Docket No. 310 (Mr. Maxton addressing the Court at the trial preparation conference, but not mentioning a video tape or Lieutenant Freeman). Evidence presented at trial demonstrated that Mr. Maxton confessed to making threats against federal officials during this interrogation. *See, e.g.*, Docket No. 302 at 223, ll. 10-20. According to Mr. Maxton, this video evidence and witness testimony would have been relevant to his defense because it would have demonstrated that his statements made during the interrogation were made involuntarily. Docket No. 338 at 1-2.

On the first day of trial, before jury selection, Mr. Maxton stated that he "was under the impression that Ms. Ray had already identified Lt. Freeman to testify and that she had requested a subpoena of that videotape from the [Bureau of Prisons]." Docket

4

No. 301 at 22, ll. 5-7. Mr. Maxton, however, has presented no evidence, in either his § 2255 motion or when addressing the Court before trial, that Ms. Ray was aware of potentially mitigating testimony from Lieutenant Freeman, that he requested she have Lieutenant Freeman testify, that Ms. Ray was aware of a video tape showing prison guards assaulting Mr. Maxton, or that she was aware that he had allegedly been assaulted by prison guards.

According to Mr. Maxton, he learned at the trial preparation conference that his counsel had "failed to interview a key defense witness and obtain video evidence." Docket No. 338 at 1. But while Mr. Maxton alleges that he learned during the trial preparation conference of these issues, he did not mention these issues to the Court at such conference, during which he spoke at length. In fact, at the trial preparation conference, Mr. Maxton brought up another potential witness's testimony, stating that he believed there was a witness who could testify that the documents showing that he refused medical treatment were forged. Docket No. 310 at 35, ll. 7-14. He also complained that defense counsel failed to object to an alleged lie that was told about him at an earlier proceeding. *Id.* at 41, ll. 16-18. Yet he did not mention Lieutenant Freeman or the purported video tape, of which he was apparently aware. For these reasons, the Court finds that, to the extent that Mr. Maxton's § 2255 motion can be read to infer that counsel knew of the existence of the purported video tape or knew of the existence of a potentially mitigating witness and nevertheless failed to present this evidence, Mr. Maxton lacks credibility. There is no credible evidence that this purportedly mitigating evidence exists, let alone that counsel was objectively unreasonable in failing to present it. The Court finds that Mr. Maxton has failed to

5

establish that he received ineffective assistance of counsel and, as a result, § 2255 relief is not warranted on this basis.

Next, Mr. Maxton challenges the Court's denial of his motion for substitution of counsel and a continuance of trial, which he requested on the first day of trial. Docket No. 341 at 5. He also challenges the Court's "refus[al] to hold a hearing on these issues." *Id.* In addition, he argues that the Court abused its discretion when it "fail[ed] to conduct a hearing onto why [Ms. Ray] didn't get the defendant witness and tape for trial," *id.* at 8, which is essentially the same argument as above, as the alleged failure of Ms. Ray to obtain this evidence for trial was the basis for Mr. Maxton's motion for a substitution and continuance. *See* Docket No. 338. Both the argument that the Court abused its discretion in denying the motion for substitution of counsel and continuance of trial and the argument that the Court erred when it declined to hold a formal hearing on the motion were raised on appeal and rejected by the Tenth Circuit. *See Maxton*, 666 F. App'x at 757-58. A claim that has been considered and disposed of on direct appeal may not be raised in a § 2255 motion. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) (holding that issues previously considered and disposed of on direct appeal will generally not be considered in a § 2255 motion absent an intervening change in the law of the circuit). Mr. Maxton is not entitled to relief under § 2255 on these arguments.

Mr. Maxton also argues that § 2255 relief is warranted because the Court was prejudiced against him during trial given that he had previously filed two judicial complaints against the Court. Docket No. 341 at 7. This argument could have been

6

raised on direct appeal, but was not. *See United States v. Wells*, 873 F.3d 1241, 1250 (10th Cir. 2017). For this reason, Mr. Maxton is barred from raising it now. "A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citing *United States v. Cook*, 997 F.3d 1312, 1320 (10th Cir. 1993)). Mr. Maxton has not made a cause and prejudice argument in his § 2255 motion.

Even assuming that the Court could entertain Mr. Maxton's argument, Mr. Maxton has provided no factual support for his claims of judicial bias. In Mr. Maxton's motion to substitute counsel and continue trial, Mr. Maxton accused the Court of being "prejudiced against the Defendant for filing a complaint against him with the Judicial Board." Docket No. 338 at 3. The Court declined to recuse, as the judicial complaint had been fully resolved and there was no legitimate basis for recusal. Docket No. 301 at 21, ll. 17-23.

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Mr. Maxton has set forth no argument or evidence indicating that the Court's impartiality might reasonably be questioned due to Mr. Maxton's filing of judicial complaints. The previous filing of a judicial complaint is not a sufficient basis, in and of itself, to require recusal. *See Brown v. Sagireddy*, 2015 WL 5676977, at *2 (E.D. Cal. Sept. 24, 2015) (finding that the filing of a judicial complaint and civil complaint against a judge "are not grounds for recusal");

7

*Browder v. Spo Cam.*, 2008 WL 11429789, at *1 (S.D. Iowa July 1, 2008) ("the earlier judicial complaint is not a basis for recusal in this case"); *Fesenmeyer v. Land Bank of KC*, 2015 WL 13344632, at *2 (W.D. Mo. Apr. 15, 2015) (denying request for recusal based on the filing of a judicial complaint against the presiding judge); *cf. U.S. v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him."). To hold that a judge must recuse when a judicial complaint is filed against him "would be the equivalent of creating a per se rule of disqualification – a result that could lead to abusive and frivolous filings of judicial complaints." *Woodruff v. McLane*, 2006 WL 3436045, at *2 (M.D. Ga. Nov. 29, 2006). Mr. Maxton is not entitled to relief on this basis.

Finally, Mr. Maxton states that his attorney was ineffective because she "was work [sic] with Judge P. Brimmer and Asst. U.S. [Attorney] Valeria Spencer who she [was] having a sexual relationship with that [was] raise[d] in court." Docket No. 351 at 5. He provides no factual support for such an allegation. "[A]llegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action." *Sussman v. Wilson*, No. 10-cv-03131-BNB, 2011 WL 1518665, at *3 (D. Colo. Apr. 20, 2011); *United States v. Herrera-Avalos*, No. 03-cv-1189-WDM, 2007 WL 987844, at *4 (D. Colo. Mar. 30, 2007) (unsupported allegations of trial counsel's conflict of interest "dismissed as conclusory"); *United States v. Arnulfo-Sanchez*, 219 F. App'x 796, 799 (10th Cir. 2007) (unpublished) (movant's allegation that his counsel was financially motivated to encourage movant to go to trial was supported by no evidence and did not warrant relief under § 2255); *see also United States v. Gaddis*, 12 F. App'x 733, 734-35

(10th Cir. 2001) (unpublished) (affirming district court's denial of § 2255 motion on the "ground that its allegations were unsubstantiated, conclusory, speculative, and 'far-fetched'" because defendant's argument amounted to "mere speculation, with no evidentiary support whatsoever" and did not require the district court "to hold a hearing, to permit discovery, or to grant the § 2255 motion."). Moreover, Mr. Maxton has failed to assert any specific argument regarding his attorney's allegedly constitutionally deficient performance or prejudice to his defense. The Court finds that this claim has no merit.

## III. CONCLUSION

For these reasons, it is

**ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 341] and the amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 351] are **DENIED**. It is further

**ORDERED** that Mr. Maxton's letter requesting a status update on his motion [Docket No. 348], which the Court construes as a motion for an order, is **DENIED AS MOOT**. It is further

**ORDERED** that the Motion for the Court to respond to Defendant's Filings [Docket No. 350] is **DENIED AS MOOT**. It is further

**ORDERED** that the Motion to Withdraw as Counsel [Docket No. 313] is **GRANTED**.

DATED July 18, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge